**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLOS COLORADO SUAREZ | No. 24cr272 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

In February 2025, Defendant Carlos Colorado Suarez was sentenced to 84 months' imprisonment after pleading guilty to conspiracy to distribute and import heroin into the United States and possession with intent to distribute heroin. D.E. 32 ("Judgment"). His advisory range under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") was 97 to 121 months' imprisonment, based on a total offense level of 29 and Criminal History Category II. D.E. 28 ("Presentence Investigation Report" or "PSR") ¶¶ 35, 40, 69.

Now proceeding *pro se*, Suarez moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Guidelines. D.Es. 33 ("First Motion" or "First Mot.") & 38 ("Second Motion" or "Second Mot.") (collectively, the "Motions"). Amendment 821, which became effective on November 1, 2023, made two changes relevant here: Part A modified the calculation of certain criminal history "status points," while Part B created U.S.S.G. § 4C1.1, which permits a two-level decrease in offense level for certain defendants who received no criminal history points.

The Government filed an opposition to the First Motion, D.E. 36 ("Opposition" or "Opp'n"), and the United States Probation Office ("Probation") concluded that Suarez is ineligible for relief under Amendment 821, D.E. 37 ("Probation Memo"). In his Second Motion, Suarez

again seeks a sentence reduction under Amendment 821 and also requests the appointment of counsel. *See* Second Mot.

For two independent reasons, Suarez is ineligible for a sentence reduction under Amendment 821. *First*, Amendment 821 was already in effect and incorporated into the Guidelines used when Suarez was sentenced. *Second*, even apart from that threshold problem, neither Part A nor Part B would lower his Guidelines range: Suarez received no status points, and his three criminal history points preclude relief under § 4C1.1. Accordingly, the Court will **DENY** the Motions and **DENY** as **MOOT** Suarez's request for appointment of counsel.

## I. BACKGROUND

On April 18, 2024, Suarez pleaded guilty to one count of conspiracy to distribute and import controlled substances into the United States and one count of possession with intent to distribute heroin. D.E. 25. In calculating Suarez's advisory Guidelines range, the Presentence Investigation Report expressly noted that "[t]he 2023 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level." PSR ¶ 25.

The PSR calculated a total offense level of 29. *Id.* ¶ 35. Suarez also had three criminal history points based on a prior federal drug conviction, placing him in Criminal History Category II. *Id.* ¶¶ 38–40. A total offense level of 29 and Criminal History Category II produced an advisory Guidelines range of 97 to 121 months' imprisonment. *Id.* ¶ 69. On February 3, 2025, the Court sentenced Suarez to 84 months' imprisonment on each count, to run concurrently. *See* Judgment.

Suarez thereafter filed the Motions seeking a two-level reduction of his sentence under Amendment 821. First Mot.; Second Mot. He principally contends that he qualifies for the reduction available to certain offenders under U.S.S.G. § 4C1.1. In his Second Motion, Suarez

states that he had no prior criminal history points and also identifies his rehabilitation, family circumstances, and assertedly limited role in the offenses of conviction as grounds for leniency. *See* Second Mot.

The Government responds that Amendment 821 cannot support relief because the Amendment had already taken effect and was incorporated into the Guidelines used at Suarez's sentencing. Opp'n. Probation reached the same conclusion and further determined that Suarez qualifies for neither Part A nor Part B of Amendment 821. Probation Memo at 2.

## II. LEGAL STANDARD

A district court generally may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Section 3582(c)(2) creates a limited exception for a defendant who "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

The Supreme Court has prescribed a two-step inquiry for motions brought under § 3582(c)(2). At the first step, the Court determines whether the defendant is eligible for a reduction and the extent of any reduction authorized by U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). Only if the defendant is eligible does the Court proceed to the second step to consider whether a reduction is warranted in light of the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 827. If an amendment "does not have the effect of lowering the defendant's applicable guideline range," a reduction "is not consistent with [§ 1B1.10] and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Pratt*, Crim. No. 22-290, 2024 WL 4664683, at *1 (E.D. Pa. Nov. 4, 2024) (explaining that a reduction is not authorized under § 3582(c)(2) where a retroactive amendment

does not lower the defendant's applicable Guidelines range). The Sentencing Commission has designated Parts A and B, Subpart 1, of Amendment 821 for retroactive application. U.S.S.G. § 1B1.10(d).

Amendment 821 became effective on November 1, 2023. U.S.S.G. app. C, amend. 821 (effective Nov. 1, 2023). As relevant here, Part A of Amendment 821 changed the calculation of criminal history "status points" under U.S.S.G. § 4A1.1, while Part B, Subpart 1, created U.S.S.G. § 4C1.1, which provides a two-level decrease in offense level for defendants who satisfy the criteria listed in that provision. *United States v. Reyes-Valdez*, Crim. No. 24-3383, 2025 WL 1419417, at *1 (3d Cir. May 16, 2025) (per curiam); *United States v. Serrano*, Crim. No. 21-198, 2025 WL 1311908, at *1 (E.D. Pa. May 6, 2025). Section 4C1.1 expressly requires, among other things, that "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1).

## III. DISCUSSION

### A. Amendment 821 Did Not Subsequently Lower Suarez's Guidelines Range

Suarez is ineligible for relief because Amendment 821 was already in effect when he was sentenced. Section 3582(c)(2) applies only when the Sentencing Commission has *subsequently* lowered the sentencing range on which the defendant's sentence was based.

Section 3582(c) plainly does not apply to Suarez. He was sentenced on February 3, 2025—more than a year *after* Amendment 821 became effective (November 1, 2023). D.E. 31. Furthermore, the PSR confirms that the 2023 Guidelines Manual, "incorporating all guideline amendments," was used to calculate his Guidelines range. PSR ¶ 25. Thus, Amendment 821 was already incorporated into Suarez's Guidelines calculation. Probation Memo at 2.

The Third Circuit addressed materially the same issue in *Reyes-Valdez*. There, the defendant sought a reduction under Amendment 821 after being sentenced in October 2024.

*Reyes-Valdez*, 2025 WL 1419417, at *1. Because Amendment 821 had become effective in November 2023—approximately one year before the defendant in *Reyes-Valdez* was sentenced—the Third Circuit concluded that the defendant was "ineligible for retroactive sentencing relief under that amendment and Section 3582(c)(2)." *Id.*

The same conclusion follows here. Amendment 821 was not a later change to the Guidelines range used to sentence Suarez. As the PSR reflects, it was already part of the Guidelines framework applied at Suarez's original sentencing. Accordingly, Suarez's Guidelines range was not "subsequently . . . lowered" by Amendment 821, and § 3582(c)(2) does not authorize a reduction.

**B. In Any Event, Amendment 821 Would Not Lower Suarez's Guidelines Range**

Even apart from the threshold problem that Amendment 821 was already in effect and incorporated into the Guidelines Manual used at Suarez's sentencing, recalculating Suarez's Guidelines range under Amendment 821 would not render him eligible for a sentence reduction for two reasons.

*First*, Part A does not lower Suarez'z Guidelines range. Part A amended the Guidelines' "status points" provision, which assigns additional criminal history points when a defendant commits an offense while under a criminal justice sentence. Under amended § 4A1.1(e), one status point is added only if the defendant otherwise has seven or more criminal history points and committed the instant offense while under a criminal justice sentence. U.S.S.G. § 4A1.1(e); *see United States v. Puttman*, Crim. No. 18-216, 2024 WL 3181437, at *1 (D.N.D. June 26, 2024). Probation determined that "[n]o status points were assessed in this case." Probation Memo at 2. The PSR confirms that Suarez's three criminal history points arose from his prior federal conviction, not from any status point assessment. PSR ¶¶ 38–40. Part A therefore does not change Suarez's criminal history score or Guidelines range.

*Second*, Suarez does not qualify for the two-level reduction under § 4C1.1. To qualify for that reduction, a defendant must have received no criminal history points under Chapter Four, Part A. U.S.S.G. § 4C1.1(a)(1). Suarez received three. *See* PSR ¶¶ 38–40.

*Serrano* is particularly instructive with respect to this second issue. There, the defendant had a total offense level of 29, three criminal history points, Criminal History Category II, and an advisory Guidelines range of 97 to 121 months. *Serrano*, 2025 WL 1311908, at *1. He, like Suarez, also received an 84-month sentence. *Id.* The court denied relief under § 4C1.1 because the defendant's three criminal history points meant that he was not a zero-point offender. *Id.* As the court explained, the § 4C1.1 reduction "only applies if a defendant has no criminal history points." *Id.*; *accord Puttman*, 2024 WL 3181437, at *1 (holding that a defendant with six scoreable criminal history points was ineligible for a sentence reduction under § 4C1.1).

Although Suarez states in his Second Motion that he had no prior criminal history points, Second Mot. at 1, the sentencing record establishes otherwise, *see* PSR ¶¶ 38–40 (indicating that his prior federal drug conviction alone resulted in three criminal history points, which placed him in Criminal History Category II). Together with his total offense level of 29, Suarez's criminal history category produced the 97-to-121-month range used at sentencing. Thus, neither Part A nor Part B lowers Suarez's applicable Guidelines range.

* * *

In sum, even if the Court considered Amendment 821 anew, Suarez would remain ineligible for a sentence reduction because neither Part A nor Part B lowers his applicable Guidelines range. Thus, he is ineligible for relief at the first step of the § 3582(c)(2) inquiry. The Court therefore does not reach whether the § 3553(a) factors—including Suarez's

rehabilitation, family circumstances, and other asserted mitigation—would otherwise warrant a reduction. *See Dillon*, 560 U.S. at 826–27.[3]

## IV. CONCLUSION AND ORDER

Accordingly,

**IT IS** on this **18th** day of September 2026,

**ORDERED** that Defendant's Motions for a reduction in sentence, D.Es. 33 & 38, are **DENIED**; and it is further

**ORDERED** that Defendant's request for appointment of counsel in D.E. 38 is **DENIED** as **MOOT**; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Defendant by regular mail.

Evelyn Padin, U.S.D.J.

[3] Given the Court's determination that Defendant is not eligible for a sentence reduction under § 3582(c)(2), the Court will **DENY as MOOT** his request for appointment of counsel.